# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| DEBORAH MANEY | ) |
| | ) Case No. 3:24-cv-01163 |
| v. | ) |
| | ) |
| SOCIAL SECURITY ADMINISTRATION | ) |

**To: The Honorable Waverly D. Crenshaw, Jr., United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully **RECOMMENDS** that the Court dismiss Plaintiff's complaint pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

On September 25, 2024, Plaintiff, who is acting *pro se*, that is, representing herself, filed a complaint against Defendant Social Security Administration (Docket No. 1) and filed an application for leave to proceed *in forma pauperis* ("IFP") (Docket No. 2). The Court conducted an initial review of both the complaint and application and found that both were largely illegible. Plaintiff's complaint, although using a court-approved form, contains incomprehensive, incomplete sentences and often what appear to be notes or other undecipherable abbreviations. As a result, from the initial review, the Court was not certain whether Plaintiff is appealing an administrative decision of the Social Security Administration, or is complaining of civil rights violations by the Social Security Administration.

Accordingly, on September 26, 2024 (the "September 26 Order"), the Court ordered Plaintiff to submit an amended complaint that either contained legible handwriting with short, plain sentences or was typewritten with short, plain sentences, and set a deadline of October 28, 2024. (Docket No. 5.) Plaintiff was cautioned that failure to file an amended complaint as instructed by the deadline or failure to request an extension prior to the deadline could result in the action being dismissed for failure to comply with a court order and failure to prosecute. Fed. R. Civ. P. 16(f) and 41(b). (*Id.*) However, Plaintiff has failed to either file an amended complaint by the deadline or to request an extension of the deadline.

## II.  LEGAL STANDARD AND ANALYSIS

Rule 16(f) of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions for the failure of a party to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Among the sanctions authorized by Rule 16(f) is dismissal of the action in whole or in part. Fed. R. Civ. P. 16(f)(1) (incorporating Rule 37(b)(2)(A)(v) by express reference). Additionally, federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999); *Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).[1]

---

[1] Dismissals pursuant to Rule 41(b) may be directed by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Courts generally consider four factors in determining whether dismissal under these circumstances, specifically dismissal with prejudice, is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 153-55 (6th Cir. 1988)). No single factor is dispositive, although the Sixth Circuit has held that a case is properly dismissed where there is a clear record of delay or contumacious conduct. *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980)). Courts are additionally required to consider their limited resources as part of the analysis. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.")

The Court finds that the first factor of willfulness, bad faith, or fault weighs in favor of dismissal. Plaintiff has failed to either file an amended complaint by the deadline or to request an extension of the deadline, despite the Court's prior instruction and warnings. In the absence of any action by Plaintiff, this failure must be attributed to willful fault of Plaintiff. This factor supports dismissal.

The prejudice to Defendant is obvious. Defendant cannot proceed with resolution of this action against it without a legible complaint or participation by Plaintiff. This factor likewise weighs in favor of dismissal.

Plaintiff was given an opportunity to avoid dismissal by filing an amended complaint. This failure to observe uncomplicated litigation responsibilities and orders from the Court militates in favor of dismissal under the third and fourth factors. Because Plaintiff was given an opportunity to avoid dismissal and failed to do so, the Court cannot find that any less drastic remedy would produce a different result.

Additionally, dismissal is warranted by this Court's inherent authority to manage its own dockets without the expenditure of already limited judicial resources by repeatedly reminding Plaintiff to pursue her claims. Plaintiff has evidently abandoned this litigation. Neither Defendant nor the Court should be required to continue to expend resources on this case, given Plaintiff's clear record of delay and failure to comply with the Court's orders.

The Court recognizes that Plaintiff is proceeding *pro se* and, as such, is entitled to some indulgences. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and *pro se* parties must follow the same rules of procedure that govern other litigants. *Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000) (citing *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980 ("It is incumbent on litigants, even though proceeding *pro se* to follow the … rules of procedure.") (ellipses in original). *See also August v. Caruso*, No. 12-13775, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015) (*"Pro se* parties must follow the same rules of procedure that govern other litigants.") (internal citations omitted); *Greer v. Home Realty Co. of Memphis Inc.*, 2:07-cv-02639-SHM-egb, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules.") (internal citations omitted); *Looper v. Educ. Credit Mgmt. Corp.*, No. 3:07-cv-306, 2008 WL 2965887, at *3 (E.D.

Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure"). Further it is incumbent on litigants, even those proceeding *pro se*, to follow orders of the court. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (stressing that "being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders it will follow, and which it will willfully disregard"). Being a *pro se* litigant does not permit a party to simply ignore a court's clearly communicated deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *See also*, *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016) (Sharpe, D.J.); *Mayers v. Ellis*, No. 3:14-cv-01560, 2016 WL 891181 at *5 (M.D. Tenn. Mar. 8, 2016) (Trauger, D.J.); *Smith v. Woods*, No. 1-15-00011, 2015 WL 8055912 at *1 (M.D. Tenn. Dec. 4, 2015) (Haynes, D.J.).

In its September 26 Order the Court clearly communicated its instructions to Plaintiff for filing of an amended complaint. Plaintiff made no effort to comply with the Court's directions. Nor did she indicate any lack of understanding or make any request for clarification. Given the clear warning to Plaintiff of the prospect of dismissal of this action, such dismissal is now warranted.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure and the Court's inherent authority to manage its own dockets.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ.

P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge